IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY HENDON, ) | |
| AIS #159738, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-1079-WKW |
| ) | [WO] |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Anthony Hendon ["Hendon"], a state inmate, presents a myriad of claims against numerous defendants with respect to conditions of confinement at the Easterling Correctional Facility ["Easterling"]. On December 18, 2006, Hendon filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

In his motion for preliminary injunction, Hendon alleges that the conditions of confinement at Easterling violate his Eighth and Fourteenth Amendment rights. He therefore seeks an order prohibiting prison officials from perpetuating the alleged unconstitutional conditions under which he is housed. For the following reasons, the court concludes that Hendon's motion for preliminary injunction is due to be denied.

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Hendon must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Hendon outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make

preliminary injunctive relief improper").

## II. DISCUSSION

Hendon complains of overcrowding, poor ventilation, the presence of rodents and pests, contaminated drinking water, utilization of a restricted privileges dormitory and prison rehabilitation programs, and an unbalanced diet. Hendon further asserts that there is a lack of security at Easterling but then complains that this level IV facility is "punitively [a] maximum security" facility. *Court Doc. No. 12* at 1-2. In his motion for preliminary injunction, Hendon seeks an injunction which prohibits "further overcrowding..., [additional] housing of inmates at Easterling..., punitively holding minimum custody inmates behind 4 lock[ed] fences with poor train[ed] classification staff..., punitively locking Plaintiff... in... [the] Hot Dorm which is in fact punitive segregation..., promoting homosexuality..., defrauding the U.S. Government [through drug treatment programs in order to receive federal funds]..., and defendant Sharon Blakly... [from] intercept[ing] [mail for defendant Mosley in order] to stop inmates complaints against... Easterling..." *Id*. at 2-3.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Hendon has proven a substantial likelihood of success on the merits. Having reviewed Hendon's motion for preliminary injunction, the court finds that he has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Hendon presents no proof or objective evidence that the actions

3

about which he complains violated or are now violating his constitutional rights. Essentially, the court has nothing but Hendon's mere conclusions of law and unsupported factual allegations as "proof" that the conditions at Easterling fail to pass constitutional muster. Such assertions, however, fail to establish a substantial likelihood of success on the merits.

Hendon likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Hendon provides no credible evidence in support of his allegations concerning the conditions about which he complains. With respect to the third factor, whether issuance of injunctive relief would cause substantial harm to others, this component is essentially a neutral factor at this juncture of the proceedings. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Hendon has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on December 18, 2006 (Court Doc. No. 12) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before January 4, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 22nd day of December, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE