IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY HENDON,
    Plaintiff,

       Vs.                        Case #2:06-CV-1079-WKW

BOB RILEY, et al.,
    Defendants.

## SPECIAL REPORT OF
## SIDNEY WILLIAMS
## And
## WILLIAM SEGREST

Comes now Sidney Williams, former Chairman of the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

The Court has instructed Defendants to respond to Plaintiff's averment that he has been discriminated against on account of poverty.

Defendants expressly deny the averment. Very few prisoners had wealth, or even significant financial resources, before they were imprisoned. The vast majority of prisoners in Alabama came from poverty backgrounds and will return to poverty. The vast majority of parolees lack any significant financial resources.

Defendants respectfully suggest that the averment fails to state a claim upon which relief could be granted, and that it fails to present a substantial Federal question. Under some circumstances, poverty (or its incidents) could

be a rational factor for governmental agencies to consider in classifying individuals. The allegation is inadequate to state a claim under the Equal Protection Clause, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001). Plaintiff has failed to show how he was treated differently from someone who is similarly situated.

As Defendants pointed out in the original special report, the prisoner's family and community support network is highly relevant to an assessment of his likelihood of success on parole. However, many families that lack money exhibit the ability and desire to encourage parolees to stay on the right track.

                        Respectfully submitted,

                        TROY KING
                        ATTORNEY GENERAL

                        GREGORY O. GRIFFIN, SR.
                        CHIEF COUNSEL

                        s/HUGH DAVIS
                        DEPUTY ATTORNEY GENERAL
                        State Bar#: ASB-4358-D63F
                        Ala. Bd. Pardons and Paroles
                        301 South Ripley Street
                        P.O. Box 302405
                        Montgomery, Alabama 36130
                        Telephone: (334) 242-8700
                        Hugh.davis@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 8-15-07, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>ANTONIO HENDON
>AIS# 159738
>200 WALLACE DRIVE
>CLIO, AL 35017

Done this 15th day of August, 2007.

>Respectfully submitted,
>
>s/HUGH DAVIS
>DEPUTY ATTORNEY GENERAL
>State Bar#:  ASB-4358-D63F
>Ala. Bd. Pardons and Paroles
>301 South Ripley Street
>P.O. Box 302405
>Montgomery, Alabama 36130
>Telephone: (334) 242-8700
>Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ANTHONY HENDON,**
    **Plaintiff,**

    Vs.                                     Case #2:06-CV-1079-WKW

**BOB RILEY, et al.,**
    **Defendants.**

**SUPPLEMENTAL AFFIFAVIT OF
SIDNEY WILLIAMS**

Comes now Sidney Williams, Chairman of the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

"The Court has instructed me to respond to Mr. Hendon's allegation that he was denied parole because of his poverty. I did not recognize this as an issue, either in this litigation or in parole consideration. The vast majority of prisoners came from poverty and will return to poverty whenever released from prison. This characteristic simply is not useful in comparing one prisoner to another, as it does not distinguish the individual.

"If we declined to parole prisoners because of their poverty, there would be very few paroles granted.

"When I was on the Board, I considered the circumstances of the crime or crimes the prisoner was convicted of, along with his previous criminal history. I also considered his social history, in an effort to predict

whether he would be able to overcome the disadvantages that led him into trouble. I also considered his education level and employment history, in order to assess the challenges he would face in trying to earn a living and meet his obligations.

"I considered all these factors in an effort to determine which prisoners could be released without presenting an unacceptable risk to the welfare of society."

*Sidney T. Williams*
Sidney T. Williams

Sworn to and subscribed before me, this 15th day of August, 2007.

*[signature]*
Notary Public