IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY HENDON, | ) | |
| AIS # 159738, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv1079-WKW |
| | ) | |
| BOB RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this 42 U.S.C. § 1983 action, *pro se* plaintiff Anthony Hendon complains that the defendants have violated his constitutional rights under the Eighth and Fourteenth Amendments during his confinement at Easterling Correctional Facility.

Hendon filed this action on December 5, 2006 when he was incarcerated at the Easterling Correctional Facility. On December 6, 2006, the court ordered the defendants to file special reports in response to the plaintiff's complaint. In addition, in that order, the court directed the plaintiff to notify the court of any change in his address.[1] On January 16, 2007, August 2, 2007, and August 15, 2007, the defendants filed special reports and answers in accordance with the orders of this court. On August 16, 2007, the court entered an order

---

[1] Specifically, the court ordered as follows.

(h) If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendants of his new address. In so doing, the plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to the defendants.

*See* Doc. # 4 at 4, ¶ (h).

directing the plaintiff to file a response to the defendants' special reports. The plaintiff has filed nothing in response to the court's May 18, 2001, order. Moreover, a search of the Alabama Department of Corrections website demonstrates that Hendon is no longer incarcerated. *See* http://www.doc.state.al.us/inmresults.asp. Accordingly, it is

ORDERED that on or September 17, 2008, the plaintiff shall show cause why this case should not be dismissed for abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend this case be dismissed for such failure.**

Done this 2nd day of September, 2008.

                   /s/Charles S. Coody
                 CHARLES S. COODY
                 UNITED STATES MAGISTRATE JUDGE