IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY HENDON, #159738, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-1079-WKW |
| ) | |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, Anthony Hendon ["Hendon"], filed this 42 U.S.C. § 1983 action on December 5, 2006. In this complaint, Hendon challenged actions taken against him and conditions to which he was subjected during his confinement in the Alabama prison system. Hendon also alleged he had been denied parole in violation of his constitutional rights.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Hendon. The reports and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. The court thereafter issued an order directing Hendon to file a response to the written reports. *Order of August 16, 2007 - Court Doc. No. 29*. The aforementioned order advised Hendon that his failure to respond to the defendants' written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, this order "**specifically cautioned [the plaintiff] that [his failure] to file a**

**response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Hendon for filing a response in compliance with this order expired on September 5, 2007. As of the present date, Hendon has filed nothing in opposition to the defendants' written reports as required by the order of this court. Moreover, the court recently ascertained that Hendon no longer resides at the last address he provided for service. The order of procedure entered in this case specifically directed Hendon to immediately inform the court of any change in his address. *Order of December 6, 2006 - Court Document No. 4* at 4. As is clear from the foregoing, Hendon has likewise failed to comply with this directive.

On September 2, 2008, the court entered an order providing Hendon an opportunity to show cause why this case should not be dismissed for his failure to comply with the orders of this court. *Order of September 2, 2008 - Court Doc. No. 36*. The court advised the petitioner that his failure "to file a response in compliance with the directives of this order" would result in the dismissal of this case. *Id*. at 2. Hendon has filed nothing in response to this order. The court therefore concludes that this case is due to be dismissed.

The court has reviewed the documents and pleadings filed herein to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Hendon is an indigent former inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Hendon has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of various orders entered

in this case. It is therefore apparent that any additional effort by this court to secure Hendon's compliance would be unavailing. Consequently, the court concludes that Hendon's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff's abandonment of his claims and his failure to comply with the orders of this court. It is further

ORDERED that **on or before October 16, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 3rd day of October, 2008.

           /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE